IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| OBINNA ORJI, ) | |
| ) | |
| Petitioner, ) | Criminal No. 1:13-cr-79 |
| v. ) | Civil No. 1:16-cv-134 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Petitioner Obinna Orji's (Petitioner's) Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

On February 19, 2013, Petitioner pleaded guilty to one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349. From approximately August 2007 through approximately 2008, Petitioner conspired with others to commit bank fraud in the Eastern District of Virginia, across state borders, and internationally. The scheme involved stealing identities of account holders of home equity lines of credit ("HELOCs") and other bank accounts, and unbeknownst to the victims, using those stolen identities to execute and attempt to execute wire transfers of funds out of the account holders' HELOC accounts and into bank accounts opened and/or controlled by Petitioner and other co-conspirators. Petitioner and his co-

conspirators used these funds to, among other things, purchase luxury vehicles, which were then shipped to Africa. On May 17, 2013, the Court sentenced Petitioner to 72 months imprisonment, followed by a four-year period of supervised release, and restitution in the amount of $1,265,331.92.

On October 25, 2016, Petitioner filed the instant motion. Petitioner claims that he is entitled to relief under Amendment 794, which, as of November 1, 2015, amended the Commentary to the Sentencing Guidelines at § 3B1.2, which addresses a defendant's mitigating role in the offense. Amendment 794 introduced a list of non-exhaustive factors that a sentencing court should consider when determining whether to apply a mitigating role adjustment. Petitioner argues that he is entitled to a minor or minimal role reduction based on the factors outlined in the Commentary.

Petitioner is not entitled to relief under 28 U.S.C. § 2255. Under § 2255, a petitioner may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962). In his motion, Petitioner does not claim that his

sentence was illegal when imposed, that it was imposed in violation of United States' law, or that any other defects cognizable under § 2255(a) exist in this case. Instead, he argues that he should receive the benefit of an amendment to the Sentencing Guidelines that was not in effect at the time that he was sentenced. This type of claim cannot be brought as a § 2255 motion.

Furthermore, Petitioner's motion was not timely filed. To be timely filed under § 2255, a petitioner must file his or her motion within one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). The latest date applicable to Petitioner's motion is the date on which his conviction became final, as outlined in § 2255(f)(1). Petitioner's conviction became final on February 19, 2013, and he filed

his motion on October 20, 2016—well over one year after his conviction became final, and thus outside the one-year filing deadline required by § 2255(f)(1). Petitioner has not asserted any basis for equitable tolling under § 2255(f)(2). Furthermore, although Petitioner filed his motion within one year of the effective date of the amendment, Amendment 794 is not a newly recognized right by the Supreme Court as required by § 2255(f)(3). Amendment 794 also does not provide Petitioner a basis for new facts supporting his claim that could not have been discovered until the amendment was enacted as required by § 2255(f)(4). As a result, Petitioner's motion alleging relief based on Amendment 794 is not a timely-filed motion under § 2255.

In addition, Amendment 794 is not retroactively applicable on collateral review because Amendment 794 is not listed in Sentencing Guidelines § 1B1.10, which lists those Guidelines amendments that have been made retroactively applicable to defendants on collateral review. Because Amendment 794 cannot be applied retroactively on collateral review, Petitioner is not entitled to relief. For the foregoing reasons, this Court finds that Petitioner's claims do not entitle him to § 2255 relief. Therefore, Petitioner's motion should be denied.

An appropriate order shall issue.

                                                                 */s/ Claude M. Hilton*
                                                              CLAUDE M. HILTON
                                                              UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
March 22, 2017